ISHEE, J.,
for the Court.
¶ 1. Terry Lee Dudley was convicted in the Circuit Court of Washington County of three counts of capital murder. He was subsequently sentenced to serve three consecutive life terms in the custody of the Mississippi Department of Corrections. Feeling aggrieved of the judgments entered against him, Dudley appealed.
FACTS
¶ 2. On morning of August 24,1996, City of Greenville police officers were dispatched to the Royal Ridge Apartments in Greenville, Mississippi. The appellant Terry Lee Dudley was seated on the steps outside of the apartment. Discovered in the apartment was an individual who appeared to be dead, later determined to be Tiffany Jackson, age fifteen. She had been repeatedly stabbed and .slashed. It was later discovered that underneath objects and rubble in the apartment were additional bodies, one of Adrenne Hicks, age five, and Jamelda Matty, age three, who was alive at the time of her discovery. Matty was transported to the Delta Regional Medical Center where she- later died.
¶ 3. Terry Dudley was transported to the Greenville Police Department for questioning. However, Dudley was not under arrest at/that time, and left the department without being questioned. At trial, officers present at the scene testified that Dudley ran from the department after hearing that bodies were found in the apartment and that one person was still alive. After a brief chase, Dudley was located, placed in handcuffs, and returned to the Police Department. When Dudley was brought back in, it was discovered that he had a substance on his hands that appeared to be blood. Dudley was then placed under arrest and was asked basic booking questions, which he refused to answer. The next day, August 25, 1996, Dudley was brought to the City Jail, advised of his Miranda rights, and gave a detailed confession.
¶ 4. Prior to trial, counsel for Dudley filed a motion to suppress the confession based upon Dudley’s claim that the statement was coerced. The officers denied any wrongdoing, and the trial court ruled that the statement was admissible.
¶ 5. At trial, Dudley was convicted of capital murder as to all three counts, and was sentenced to life in prison without the possibility of parole. Counsel for Dudley then filed a “Turner Memorandum” before this Court on November 04, 2002. Dudley’s counsel stated as follows in accordance with Turner v. State, 818 So.2d 1186, 1189(¶ 11) (Miss.2001):
1. It is the opinion of counsel for the Appellant that the Appellant is un- > likely to prevail on appeal.
2. Counsel for the Appellant has scoured the record thoroughly and is unable to locate anything in the record that might arguably support appeal.
*334 3. Counsel for the Appellant shall forward a copy of this Brief with advice to the Appellant that he has the right to file a pro se supplemental brief.
4. Counsel for the Appellant requests that this Court allow 30 days additional time for the Appellant to file said supplemental brief, should he so desire.
¶ 6. Dudley did not file a pro se brief within the thirty day period provided under Turner.
DISCUSSION
¶ 7. Counsel for Dudley has taken all the steps required on his part by Turner. Turner, 818 So.2d at 1189. Turner goes on to say that after these steps are taken, the appellate court must then “make its own independent review of the record.” Id.
CONCLUSION
¶ 8. After a thorough review of the record, we conclude that there is nothing in the record to support an appeal. Thus, for the foregoing reasons, we affirm the judgment below.
¶ 9. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF THREE COUNTS OF CAPITAL MURDER AND CONSECUTIVE SENTENCES OF LIFE WITHOUT PAROLE FOR EACH COUNT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.